# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **No. 12-CR-4079-DEO** |
| vs. | **ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |
| CHAD CARVER, | |
| Defendant. | |

## I. INTRODUCTION AND BACKGROUND

Before the Court is Magistrate Judge Leonard T. Strand's Report and Recommendation Concerning Guilty Plea (Docket No. 36, 02/28/2013).

On August 30, 2012, a seven count Indictment (Docket No. 1) was returned in the above-referenced case. On February 28, 2013, Defendant Chad Carver appeared before United States Magistrate Judge Leonard T. Strand and entered a guilty plea to Count Two of the Indictment, under a binding plea agreement with the Government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] In the plea agreement, the parties have stipulated to a sentence of 120 months, and have agreed

---

[1] The plea agreement is filed at Docket No. 33.

that counts One, Three, Four, Five, Six and Seven would be dismissed at the time of sentencing.

Count Two of the Indictment charges that between about September 2010 and September 2011, in the Northern District of Iowa and elsewhere, the defendant, Chad Carver, knowingly distributed and attempted to distribute visual depictions of minors engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce.

This was in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

The Report and Recommendation (Docket No. 36) recommends that defendant Chad Carver's guilty plea be accepted. Waivers of objections to Judge Strand's Report and Recommendation were filed by each party (Docket Nos. 37 and 38). The Court, therefore, undertakes the necessary review to accept defendant Chad Carver's plea in this case.

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, waivers of objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Magistrate Judge Strand's findings and conclusions that there are no grounds to reject or modify them.

3

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Magistrate Judge Strand's Report and Recommendation (Docket No. 36), and accepts defendant Chad Carver's plea of guilty in this case to Count Two of the Indictment (Docket No. 1). At the time of sentencing, the Court will determine whether to accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentenced in that plea agreement.[2]

**IT IS SO ORDERED** this 10th day of June, 2013.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] Pursuant to Federal Rules of Criminal Procedure 11(c)(5):

> if the Court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the Court must do the following on the record and in open court (or, for good cause, in camera):
>
> (A) inform the parties that the Court rejects the plea agreement;
>
> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
>
> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.